**FNU SADIKIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–71661.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Decided April 24, 2009.

Farnouh Farzad, Esq., VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Ev-

ans, Esq., Allen W. Hausman, Attorney Fax, Susan K. Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Fnu Sadikin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), treating Sadikin's testimony as credible, *Kalubi v. Ashcroft,* 364 F.3d 1134, 1138–39 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's finding that Sadikin's experiences of harassment, discrimination, and harm to property during general civil strife did not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003). In addition, Sadikin failed to demonstrate a well-founded fear of future persecution because, although he is a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

banc). Accordingly, Sadikin's asylum claim fails.

Because Sadikin failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v.* *Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**